United States Court of Appeals,

Fifth Circuit.

No. 95-30294

Summary Calendar.

Delores SINGH, Plaintiff-Appellant,

v.

SHONEY'S, INC., Defendant-Appellee.

Sept. 18, 1995.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM.

Appellant, Delores Singh (Singh) filed a complaint against her former employer Shoney's, Inc. (Shoney's), alleging that she was fired because of her race in violation of 42 U.S.C. § 1981 and Louisiana's anti-discrimination statute, *LA.R.S.* 23:1006. The district court granted summary judgment in favor of Shoney's. We affirm.

FACTS

Singh, a white female, was hired by Shoney's in September 1981. At the time of her termination in January 1993, Singh held the position of Dining Room Supervisor in a Shoney's restaurant in New Orleans, Louisiana. Her duties included hiring, firing, supervising, disciplining, and training the hostesses, waitresses and salad bar attendants who worked in the restaurant.

In January 1993, Defendant's corporate office received a "petition" signed by 36 workers employed at the same restaurant as

1

Singh. The petition alleged that Singh had been engaging in offensive, racially-discriminatory conduct towards subordinate employees. Shoney's responded to the petition by sending its Vice President of Personnel, John Southerland, and its Equal Employment Opportunity Manager, Juanita Presley (both of whom are black), to New Orleans to investigate the allegations. Southerland and Presley interviewed 44 employees at the restaurant, including Singh. Based on these interviews, Shoney's concluded that Singh had engaged in offensive, inappropriate conduct in the workplace, and terminated her employment.

During the course of the investigation, it came to Shoney's attention that the manager of the restaurant, Terry Dumars, a black male, had also engaged in inappropriate conduct in the workplace, and he was terminated. Dumars was replaced with a white male, and Singh was replaced with another white female.

DISCUSSION

The district court shall, on a party's motion for summary judgment, render forthwith the judgment sought if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED.R.CIV.P. 56(c). We review the district court's grant of summary judgment *de novo,* applying the same standard as the court did below. *Industrial Indemnity Co. v. Chapman and Cutler,* 22 F.3d 1346, 1349 n. 5 (5th Cir.1994).

In order to make out a prima facie case of discrimination a

2

plaintiff alleging discriminatory discharge must show (1) that she is a member of a protected group; (2) that she was qualified for the job that she formerly held; (3) that she was discharged; and (4) that after her discharge, the position she held was filled by someone not within her protected class. *Vaughn v. Edel,* 918 F.2d 517, 521 (5th Cir.1990), *citing Norris v. Hartmarx Specialty Stores,* 913 F.2d 253, 254 (5th Cir.1990). Once the plaintiff establishes a prima facie case of discrimination, the defendant must articulate a legitimate, nondiscriminatory reason for the discharge. If the defendant states a legitimate reason, the plaintiff must show, by a preponderance of the evidence, that the reason provided by the defendant was a pretext for discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973).

Singh failed to make out a prima facie case of racial discrimination on this record, because she was replaced by a white female. Moreover, Shoney's has stated a legitimate, nondiscriminatory reason for discharging Singh. Singh attacks the articulated reason on the ground that the petition sent to Shoney's corporate office was false and was the product of a racially motivated scheme by a black waitress to get her fired. She also alleges that the word "nigger" which she was accused of using, was used by black employees talking to each other. The focus of our inquiry is not whether the initial petition contained falsehoods or was racially motivated, but whether Shoney's reasonably believed the allegation and acted on it in good faith. *Waggoner v. Garland,*

3

*Texas*, 987 F.2d 1160, 1165 (5th Cir.1993). Inappropriate behavior by the black employees who signed the petition may have been relevant to a disparate treatment case, but Singh's pleadings and evidence did not develop this claim below.[1]

On appeal, Singh points to evidence in the record of statements made by some employees during the investigation that they did not witness her alleged behavior, and to her own deposition testimony that the people who originally complained about her were racially motivated. The enumerated evidence does not call into question the motivation of Shoney's in making the decision to terminate her. There is no genuine issue of material fact in the record before this Court that could have precluded summary judgment on Singh's claims.

CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1]The district court granted summary judgment as to Singh's disparate treatment claim relative to the kitchen manager, who was transferred to another restaurant, finding that the circumstances surrounding that decision were not "nearly identical" to the circumstances of Singh's termination. She does not challenge that ruling on appeal.