UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-50529

KELLY A. SCRIVNER,

Plaintiff-Appellant,

v.

SOCORRO INDEPENDENT SCHOOL DISTRICT; and,
ALFONSO CARDENAS, Officially,

Defendants-Appellees.

Appeal from the United States District Court for the
Western District of Texas

March 16, 1999

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

EDITH H. JONES, Circuit Judge:

## I. INTRODUCTION

Kelly Scrivner, a teacher at Myrtle Cooper Elementary School ("Myrtle Cooper"), sued Socorro Independent School District ("SISD") and her school's Principal Alfonso Cardenas, officially, alleging, <u>inter alia</u>, sexual harassment and retaliation in violation of Title VII. The district court dismissed Scrivner's claims on summary judgment, and she appealed.[1] Finding that the

---

[1]Scrivner does not appeal the district court's dismissal of her claims under 42 U.S.C. § 1983. Moreover, Scrivner's claims against Cardenas, individually, were settled prior to dismissal.

appellees properly asserted an affirmative defense to Scrivner's sexual harassment/hostile work environment claims and, further, that Scrivner's retaliation claims are unsubstantiated, we affirm.

## II.  FACTUAL AND PROCEDURAL HISTORY

In 1994, Scrivner began working for SISD at Myrtle Cooper.  Beginning in the summer of 1995, Scrivner alleges Cardenas began sexually harassing her.  He made lewd comments, snapped her bra, insinuated that she was a lesbian, and once, while she bent down to pick up a pen, made a particularly graphic and offensive remark.

In November 1995, SISD Superintendent Dr. Jerry Barber received an anonymous letter -- which Scrivner did not write -- complaining of Cardenas's sexual harassment of teachers and his use of vulgar language in front of staff and parents.  SISD immediately launched an investigation into the allegations.  As part of the investigation, SISD interviewed 64 of Myrtle Cooper's faculty and staff.  During the course of the interviews, only three employees stated that Cardenas's conduct was sexually harassing or vulgar. The vast majority asserted that the working atmosphere at Myrtle Cooper was good to very good and that the staff was treated acceptably.  During the course of her interview, Scrivner denied that Cardenas's conduct was sexually harassing or vulgar, and she did not inform SISD of Cardenas's sexually harassing actions toward her.  Based on the investigation, SISD found no "tangible evidence

2

of sexual harassment," but Cardenas was warned in a memorandum to refrain from making unprofessional "[j]okes, innuendoes, and pointed comments".

In March 1996, upset that Cardenas had called her a lesbian and amazed that his harassing behavior had intensified following the initial SISD investigation, Scrivner filed a formal harassment complaint with the district. One month later, Scrivner filed an EEO complaint. Again, SISD promptly investigated the complaint. On April 19, 1996, SISD published the results of the investigation, concluding that Cardenas's conduct could create the perception of a hostile work environment among female employees of Myrtle Cooper. Following the investigation, Cardenas was removed from his position at Myrtle Cooper,[2] was reassigned within SISD, and, within the year, resigned.

Scrivner filed this Title VII action in July 1997 after she received a right-to-sue letter from the EEOC. The parties completed extensive discovery in preparation for trial. However, on the eve of trial, the district court granted the appellees' motion for summary judgment. Scrivner timely appealed.

---

[2]Because the investigation was not concluded until near the end of the school year, Cardenas was allowed to finish the year at Myrtle Cooper before being reassigned.

## III. ANALYSIS

### A. *Standard of Review*

When a district court grants summary judgment, this court reviews the determination <u>de</u> <u>novo</u>, employing the same standards as the district court.  <u>See</u> <u>Urbano v. Continental Airlines, Inc.</u>, 138 F.3d 204, 205 (5th Cir.), <u>cert.</u> <u>denied</u>, --- U.S. ---, 119 S. Ct. 509 (1998).  Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, the record reflects that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 2552-53 (1986); <u>see</u> <u>also</u> Fed. R. Civ. P. 56(c).

### B. *Hostile Work Environment*

In <u>Burlington Indus. v. Ellerth</u>, 524 U.S. 742, 118 S. Ct. 2257 (1998), and <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 118 S. Ct. 2275 (1998), the Supreme Court discussed the standard for imposing vicarious liability when an employer's supervisors are accused of creating a sexually hostile work environment.  Unguided by these decisions, the district court dismissed the pending hostile work environment claims based on SISD's prompt remedial efforts following Scrivner's complaint.  <u>See</u> <u>Nash v. Electrospace Sys., Inc.</u>, 9 F.3d 401, 403 (5th Cir. 1993).  On appeal, the parties focused their arguments on the impact of <u>Ellerth</u> and <u>Faragher</u> on the district court's opinion.

4

Scrivner's claims rise or fall on the application of the Ellerth/Faragher affirmative defense to the conduct of the parties. SISD concedes that Cardenas's conduct created a hostile work environment[3] and that Cardenas, as principal, was Scrivner's supervisor. But according to the Supreme Court's new test, SISD may still escape liability for Cardenas's conduct if (1) SISD "exercised reasonable care to prevent and correct promptly any sexually harassing behavior," and (2) Scrivner "unreasonably failed to take advantage of any preventive or corrective opportunities provided by [SISD] or to avoid harm otherwise." See Ellerth, 524 U.S. at ---, 118 S. Ct. at 2270. Based on the complete record presented to the district court and Scrivner's failure to cite any additional material evidence, we find that the facts of this case fall squarely within the Ellerth/Faragher affirmative defense.

SISD's anti-discrimination policy and its response to the two sexual harassment complaints were both reasonable and vigorous. See, e.g., Carmon v. Lubrizol Corp., 17 F.3d 791, 793-95 (5th Cir. 1994); Nash, 9 F.3d at 403-04. When advised of each complaint, SISD swiftly began investigating Cardenas's behavior. Following the first investigation, during which SISD interviewed all of the Myrtle Cooper employees, Cardenas was warned to curtail certain

---

[3]Because SISD does not argue that Cardenas's conduct did not create a hostile work environment, we offer no opinion on the issue and assume arguendo, as did the district court, that the conduct was sufficiently severe and pervasive to meet the plaintiff's Title VII burden.

5

conduct. After Scrivner complained and SISD completed its second investigation, Cardenas was removed from his position at Myrtle Cooper, and SISD accepted his resignation from the district.

The summary judgment record also reflects that Scrivner failed reasonably to avail herself of SISD's preventive and corrective sexual harassment policies. From the summer of 1995 to March 1996, Scrivner never complained about Cardenas's increasingly offensive behavior. In fact, when presented with the opportunity to apprise SISD of Cardenas's harassment during the investigation instigated by the anonymous letter, Scrivner chose to lie, reporting that she had not witnessed any sexually harassing conduct by Cardenas and that he treated her "professionally."

By failing to inform SISD of Cardenas's conduct when given an express opportunity, Scrivner acted unreasonably.[4] Scrivner now asserts that she lied during the investigation because of Cardenas's intimidating presence outside the interview room. Contrary to this claim, Scrivner testified at her deposition that she was not upset or under stress during the interview but felt that the district could have conducted the investigation in a more "professional" manner.

---

[4]See, e.g., Ellerth, 524 U.S. at ---, 118 S. Ct. at 2270 ("[W]hile proof that an employee failed to fulfill the corresponding obligation of reasonable care to avoid harm is not limited to showing any unreasonable failure to use any complaint procedure provided by the employer, a demonstration of such failure will normally suffice to satisfy the employer's burden under the second element of the defense."); Faragher, 524 U.S. at ---, 118 S. Ct. at 2293 (same).

When an employer initiates a good-faith investigation of charges of discrimination, it must be able to rely on the evidence it collects. By misleading investigators, Scrivner thwarted the purposes of Title VII and frustrated SISD's efforts to remedy past misconduct and prevent future harassment by Cardenas. When there is no evidence that the investigation was heavily skewed against a complainant's interest, this court cannot sanction such deceptive conduct. The appellees have properly set forth the affirmative defense to Title VII liability for Cardenas's harassing behavior.[5]

*C.    Retaliation*

Scrivner has also failed to support a Title VII retaliation cause of action. The prima facie claim of retaliation has three elements: (1) the employee must have engaged in an activity protected by Title VII; (2) the employer must have subjected the employee to an adverse employment action; and (3) a causal nexus must exist between the plaintiff's participation in the protected activity and the adverse employment action. See Mattern v. Eastman Kodak Co., 104 F.3d 702, 705 (5th Cir. 1997). To carry her ultimate Title VII burden, an employee must also show that her employer would not have taken the adverse employment

_____

[5]Although Scrivner argues that the Ellerth/Faragher affirmative defense goes to damages, the Supreme Court itself characterized the defense as a limit to liability. See Ellerth, 524 U.S. at ---, 118 S. Ct. at 2271 ("In light of our decision, [the employer] is still subject to vicarious liability for [its supervisor's] activity, but [the employer] should have an opportunity to assert and prove the affirmative defense to liability." (emphasis added)).

7

action "but for" the employee's participation in the protected activity.  See Long v. Eastfield College, 88 F.3d 300, 305 n.4 (5th Cir. 1996).  Scrivner cites two actions that allegedly constituted impermissible retaliation.

First, Scrivner maintains that SISD denied her advancement and promotion within the district following her complaint against Cardenas.  But Scrivner offers no admissible evidence of a causal link between the alleged adverse actions and her filing of a Title VII complaint.  See Grimes v. Texas Dep't of Mental Health and Mental Retardation, 102 F.3d 137, 139 (5th Cir. 1996) (conclusory allegations, unsubstantiated assertions, and subjective beliefs insufficient to support discrimination claim).

Second, Scrivner appears to argue that Cardenas's counterclaim in this action amounts to retaliation.[6]  It is not obvious that counterclaims or lawsuits filed against a Title VII plaintiff ought to be cognizable as retaliatory conduct under Title VII.  After all, companies and citizens have a constitutional right to file lawsuits, tempered by the requirement that the suits have an arguable basis.  See. Fed. R. Civ. Proc. 11.[7]  Even if the filing of a counterclaim or lawsuit could violate Title VII,

---

[6]The counterclaim was dismissed while the case was pending in district court.

[7]But see, e.g., Martinez v. Deaf Smith County Grain Processors, 583 F. Supp. 1200, 1209 (N.D. Tex. 1984) (employer's filing of lawsuit may constitute retaliation under Fair Labor Standards Act).

8

however, the cases Scrivner relies upon involved counterclaims filed by employers, not by defendants joined in their individual capacities. Cardenas filed his claim against Scrivner in his individual capacity. His conduct cannot be attributed to the district and does not constitute retaliation in violation of Title VII.

## IV. CONCLUSION

When given the opportunity to report Cardenas's sexual harassment during the course of a prompt SISD investigation into his conduct, Scrivner misled investigators. Under these circumstances, Scrivner's conduct was so unreasonable that a trial on the merits of SISD's affirmative defense would be futile. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511 (1986). Her claims of illegal retaliation are unsupported. Although the district court applied a superseded Title VII standard to the facts, the record is complete for evaluation under the new standard, and summary judgment was properly granted.

**AFFIRMED.**

9