IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40111
Summary Calendar

_____

KEVIN MANGUM,

                              Plaintiff-Appellant,

v.

STAN TRANS, INC.,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
Civil Docket No. 98-CV-36

_____

December 9, 1999

Before KING, Chief Judge, and DAVIS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Kevin Mangum appeals the district

court's grant of summary judgment in favor of Defendant-Appellee

Stan Trans, Inc.  We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

    In August 1996, Defendant-Appellee Stan Trans, Inc. ("Stan

Trans") hired Plaintiff-Appellant Kevin Mangum ("Mangum"), an

African-American, to work as a probationary operator at its

chemical storage facility in Texas City, Texas.  In January 1997,

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stan Trans terminated Mangum. Stan Trans claims that it terminated Mangum for poor job performance; Mangum contends that racial discrimination motivated Stan Trans's decision to terminate him. In January 1998, Mangum filed this lawsuit against Stan Trans in the United States District Court for the Southern District of Texas. Mangum's complaint alleged that Stan Trans's decision to terminate him violated Title VII of the Civil Rights Act of 1964. Stan Trans moved for summary judgment, arguing that Mangum failed to establish a prima facie case of discrimination. In the alternative, Stan Trans argued that even if Mangum had established a prima facie case, Mangum did not present sufficient evidence to show that Stan Trans's articulated reasons for termination were pretext for racial discrimination. The district court granted the motion for summary judgment, finding that Mangum failed to establish his prima facie case. Mangum timely appeals.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo. *See Horton v. City of Houston*, 179 F.3d 188, 191 (5th Cir. 1999). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). All fact questions must be viewed in the light most favorable to the

2

non-moving party, and questions of law are reviewed de novo. *See Hassan v. Lubbock Indep. Sch. Dist.*, 55 F.3d 1075, 1079 (5th Cir. 1995). However, only disputes concerning facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In addition, this Court may affirm on grounds other than those relied upon by the district court when the record contains an adequate and independent basis for that result. *See Britt v. The Grocers Supply Co., Inc.*, 978 F.2d 1441, 1449 (5th Cir. 1992) (citing *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991)).

### III. DISCUSSION

On appeal Mangum argues that the district court erred in granting summary judgment because (1) the district court applied the wrong legal standard in its analysis of his prima facie case, and (2) he presented sufficient evidence to create a genuine issue of material fact that precluded summary judgment. After analyzing the evidence presented by Mangum, we conclude that Mangum fails to raise a fact issue that precludes summary judgment. Because we affirm the district court's summary judgment on this basis, we need not determine whether Mangum established a prima facie case of discrimination or whether the district court applied the proper standard in its evaluation of Mangum's prima facie case.[1]

---

[1]Citing *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995), the district court noted that to make out a prima facie case Mangum must show that: (1) he is a member of a

3

Mangum's complaint alleges violations of Title VII of the Civil Rights Act of 1964, namely that Stan Trans discriminated against him because of his race.  *See* 42 U.S.C. §§ 2000e to e-17 (1994).  In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Supreme Court articulated "the applicable rules as to burden of proof and how this shifts upon the making of a prima facie case [of discrimination]."  *McDonnell Douglas*, 411 U.S. at 801.[2]  This shifting burden helps "sharpen the inquiry into the elusive factual question of intentional discrimination."  *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 255 n.8 (1981).  Initially, the plaintiff must prove a prima facie case of racial discrimination.  *See McDonnell Douglas*, 411 U.S. at 802.  Establishment of a prima facie case creates a presumption that the employer unlawfully discriminated against the employee.

protected class, (2) he was qualified for an available employment position, (3) he was subjected to an adverse employment action despite his qualifications, and (4) he was replaced by a non-member of the protected class or a non-member of the class received more favorable treatment by virtue of being outside the class.  The district court held that Mangum failed to establish the fourth element of his prima facie case.  As observed by this court in *Nieto v. L&H Packing Co.*, our cases reflect some uncertainty regarding this requirement.  *See Nieto v. L&H Packing Co.*, 108 F.3d 621, 624 n.7 (5th Cir. 1997) (comparing *Hornsby v. Conoco, Inc.*, 777 F.2d 243, 246-47 (5th Cir. 1985) (recognizing "that the single fact that a plaintiff is replaced by someone within the protected class does not negate the possibility that the discharge was motivated [by] discriminatory reasons") with *Singh v. Shoney's Inc.*, 64 F.3d 217, 219 (5th Cir. 1995) (concluding that replacement by a member of the same protected class precludes the establishment of a prima facie case)).  Because we affirm the district court on alternative grounds, we need not decide this issue to resolve the instant case.

[2]*McDonnell Douglas* was later clarified and refined by *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981) and *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993).

*See Burdine*, 450 U.S. at 254.  The defendant may rebut this presumption by providing admissible evidence, which, "if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993).  If the defendant carries this burden of production, the presumption raised by the prima facie case dissolves.  *See Burdine*, 450 U.S. at 255.  However, "[t]he ultimate burden of *persuading* the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.* at 253 (emphasis added).  Therefore, the plaintiff must "produce evidence that the employer's proffered reasons are mere pretexts, the real reason for the action having been based on an impermissible animus." *Sarff v. Continental Express*, 894 F. Supp. 1076, 1082 (S.D. Tex. 1995) (citing *Burdine*, 450 U.S. at 256).

We assume, without deciding, that Mangum established his prima facie case of racial discrimination.  Stan Trans presents sufficient evidence--including written evaluations of Mangum's job performance, completed performance ratings worksheets, and affidavits from Mangum's supervisors--to support its contention that it terminated Mangum for his failure to improve his job performance.  To survive summary judgment at this stage, Mangum must provide sufficient evidence to allow a jury to make a reasonable inference that Stan Trans's proffered reasons for termination were merely pretexts for discriminatory intent.  *See*

5

*Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 370 (5th Cir. 1997); *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996) (en banc); *Britt*, 978 F.2d at 1450 (citing *Burdine*, 450 U.S. at 256). Mangum's evidence of discriminatory intent must be of "such quality and weight that reasonable and fair minded persons in the exercise of impartial judgment might reach different conclusions." *Sherrod v. American Airlines*, 132 F.3d 1112, 1122 (5th Cir. 1998) (citations omitted). Mere speculation and belief are insufficient to create a fact issue as to pretext, as are the plaintiff's conclusory statements about feelings of discrimination. *See Britt*, 978 F.2d at 1451; *EEOC v. Exxon Shipping Co.*, 745 F.2d 967, 976 (5th Cir. 1984).

Mangum primarily relies on his affidavit and the allegations in his pleadings to show that Stan Trans's articulated reasons for termination--poor job performance and lack of improvement-- are pretexts for racial discrimination. Mangum contends that he has presented evidence showing that Stan Trans's articulated reasons were pretexts for discrimination, including evidence that: (1) his performance was adequate, (2) Stan Trans terminated him before it terminated an Anglo co-worker who had admitted making mistakes at work, (3) a co-worker allegedly involved in the termination decision told him a racial joke, and (4) Stan Trans's employee evaluation system was subjective and pretext for discriminatory discharges. We evaluate each of these contentions and conclude that Mangum's evidence falls short of raising a fact issue with regard to Stan Trans's motivation for terminating

6

Mangum.

Arguably, Mangum's evidence creates a factual dispute as to whether his performance was inadequate. Mangum's affidavit includes self-serving statements about the high quality of his work at Stan Trans. The affidavit also recounts Mangum's version of a counseling session with a supervisor in which the supervisor expressed concerns about Magnum's ability to "get along" with co-workers but did not criticize Mangum's job performance. A dispute about Mangum's job performance is insufficient to support an inference of racial discrimination because Mangum's remaining evidence is too speculative and relies too heavily on isolated incidents.

Mangum attempts to show that a "similarly situated" co-worker received more favorable treatment than Mangum due to his race. Mangum's affidavit describes an Anglo co-worker's admission that he "messed up" on the job. Magnum suggests that because Stan Trans terminated this employee *after* it terminated Mangum, the Anglo employee received more favorable treatment than Mangum. Mangum does not provide sufficient evidence to show that the co-worker was "similarly situated" to Mangum. Mangum provides no evidence concerning the nature of the employee's alleged error, whether the employee's job performance improved or worsened during the course of the probationary period, or whether the employee was counseled about his job performance or attitude at work. Without more, Mangum's speculation does not create a fact issue concerning Stan Trans's motivation for terminating

7

Mangum.

In his affidavit, Mangum recounts a single racial comment made during his time at Stan Trans. He states that a co-worker made "an ill-received joke" about Ebonics. A single inappropriate joke told by a co-worker, even a supervisor, does not support a claim of discrimination by itself, nor does it reveal Stans Trans's reasons for terminating Mangum. *See*, *e.g.*, *Boyd v. State Farm Ins. Co.*, 158 F.3d 326, 329 (5th Cir. 1998) (noting that absent a causal link between the remark and the employment decision, a supervisor's single racial comment is only "a stray remark from which no reasonable fact-finder could infer race discrimination. The mere utterance of a racial epithet is not indicia of discrimination under Title VII.").

Finally, Mangum attacks Stan Trans's employee evaluation system as subjective and pretext for discriminatory discharges. As evidence, Mangum provides his supervisors' final evaluations and termination recommendations. All four evaluations recommend terminating Mangum for inadequate job performance. Two of the four recommendations are dated one day after Mangum's termination, one is dated four days after his termination, and one is dated three days prior to his termination. Mangum claims this evidence reveals Stan Trans's discriminatory motive. We fail to see how, without more, Stan Trans's memorialization of an employment decision evidences a discriminatory motive. The parties agree that four men supervised Mangum's work at Stan Trans--two Anglos, a Hispanic, and an African-American. Even if

8

the court accepts Mangum's suggestion that the African-American supervisor did not participate in evaluating Mangum, a presumption of discrimination does not follow. Mangum does not provide sufficient evidence to support his allegation that the evaluation system was subjective and racially discriminatory.

We conclude that Mangum's evidence, even when viewed in the light most favorable to him, is insufficient to create a jury question regarding racial discrimination. Mangum does not raise a genuine issue of material fact which, if resolved in his favor, would support a conclusion that Stan Trans's proffered reasons for termination were pretexts for racial discrimination.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.

9