**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-20439
Summary Calendar
_____

WARD MYERS,

Plaintiff-Appellant,

versus

MICHELIN NORTH AMERICA INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1283

January 26, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Ward Myers ("Myers") appeals from the district court's entry of summary judgment in favor of defendant Michelin North America, Inc. ("Michelin") in Myers' discrimination suit brought under the Age Discrimination in Employment Act ("ADEA"). We affirm.

Myers worked for Michelin in various capacities from 1974 until his termination in 1997. At that time, Michelin discharged Myers, then age 56, citing problems with his conduct and attitude towards other employees. Myers filed suit in federal court alleging that Michelin had demoted and eventually discharged him because of his age in violation of the ADEA. He contended that Michelin had a pattern and practice of terminating older employees in favor of younger ones. The district court granted summary judgment in favor of Michelin. On appeal, Myers argues that sufficient evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

existed in the record for a rational fact-finder to conclude that Michelin's asserted reason for firing Myers was pretextual and that age was the real reason for his discharge.

We review the district court's grant of summary judgment *de novo*, applying the same standard as the district court. *See Ward v. Bechtel Corp.,* 102 F.3d 200, 202 (5th Cir. 1997). Summary judgment is appropriate when, considering all of the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Newell v. Oxford Management, Inc.*, 912 F.2d 793, 795 (5th Cir. 1990); Fed. R. Civ. P. 56(c).

We analyze claims under the ADEA under the burden-shifting approach of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972). *See Ross v. Univ. of Tex.*, 139 F.3d 521, 525 (5th Cir. 1998). The plaintiff carries the initial burden of establishing a prima facie case of discrimination by presenting evidence that he was (1) terminated from his job, (2) qualified for the position, (3) within the protected class when he was fired, and (4) either replaced by someone outside the protected class, someone younger, or was otherwise discharged because of his age. *See Brown v. CSC Logic, Inc.*, 82 F.3d 651, 654 (5th Cir. 1996). If a plaintiff sets out a prima facie case, a presumption of discrimination arises that the employer must rebut by articulating a legitimate nondiscriminatory basis for the termination. *See id.* Once the employer establishes a legitimate basis, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the employer's proffered reasons are a pretext for age discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993).

Here, it is uncontested that Myers met his prima facie showing and that Michelin, by documenting numerous incidents regarding Myers' weak interpersonal skills, rebutted the presumption of discrimination. Accordingly, the burden shifted back to Myers to proffer sufficient evidence that Michelin's articulated reasons for his termination were pretextual. *See CSC Logic*, 82 F.3d at 654.

A plaintiff can show pretext in two ways: "either directly by persuading the court that a

discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Amburgey v. Corhart Refractories Corp., Inc.*, 936 F.2d 805, 813 (5th Cir. 1991). In the summary judgment context, the question is whether the plaintiff raises a genuine issue of fact regarding pretext. *See id.* We agree with the district court that Myers fails to do so.

Myers' evidence of pretext consists of (1) the affidavit of Jim Arndt, a former supervisor,[1] (2) excerpts of positive comments from Myers' job evaluations, and (3) Myers' own deposition testimony. This evidence does not create a genuine issue regarding pretext.

First, Arndt's affidavit provides, *inter alia*, that (1) in 1994, the human resources manager said that Myers should be fired because he was making too much money, and (2) during his last years of employment with Michelin he witnessed a pattern of older employees being singled out for job elimination because they made more money than younger employees made. The manager's remark was no more than a stray remark that does not constitute evidence of discrimination in the 1997 decision to discharge Myers. *See, e.g., Smith v. Berry Co.*, 165 F.3d 390, 396 (5th Cir. 1999); *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 434-35 (5th Cir. 1995) (remark four years earlier about "get[ting] rid of" plaintiff was "a stray remark too remote in time to support an inference of . . .discrimination in later employment actions").

Second, the existence of positive comments concerning Myers' job performance in his evaluations does not call into question the credence of Michelin's proffered explanation. Such statements do not erase or even call into question the plethora of comments and complaints from both subordinates and supervisors about Myers' display of poor interpersonal skills and use of racially-

---

[1] Myers contends that the district court did not consider Arndt's affidavit in its decision. While the court did not expressly mention the affidavit in its opinion, it did state that it had conducted a "careful and thorough review of the parties' submissions." Furthermore, a district court, though encouraged to articulate all of its analysis in rendering a summary judgement, does not commit reversible error by failing to do so. *See Shepherd v. Comptroller of Public Accounts*, 168 F.3d 871, 873 n.1 (5th Cir.), *cert. denied*, 120 S. Ct. 395 (1999).

charged and demeaning language.[2]

Third, Myers' own unsubstantiated testimony that six employees were terminated over the course of five years because of their age is little more than speculation. Neither this testimony nor Arndt's statement to the same effect offsets Michelin's well-supported explanation for Myers' termination. Accordingly, this evidence does not raise a genuine question that "a discriminatory reason more likely motivated [Michelin]" and thus does not enable Myers to avoid summary judgment. *See Grimes v. Texas Dept. of Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996). Myers' testimony that a Michelin supervisor told him that he would "know when [his] time has come to get out" merely cites to a stray remark. *See Price v. Marathon Cheese Corp.*, 119 F.3d 330, 336 (5th Cir. 1997) (finding that the remark "a younger person could do faster work" insufficient to establish discrimination).

Myers failed to establish the existence of a genuine issue of material fact with regard to whether Michelin's proffered explanation for termination was pretextual. Accordingly, the judgment of the district court is AFFIRMED.

---

[2] Myers' argument that the Michelin employees' complaints against him were incredible lacks merit. Michelin is not required to prove the veracity of the employee complaints. *See Singh v. Shoney's, Inc.*, 64 F.3d 217, 219 (5th Cir. 1995); *Waggoner v. City of Garland*, 987 F.2d 1160, 1165-66 (5th Cir. 1993) (finding that veracity of underlying claim is irrelevant and the real issue is whether the employer relied in good faith on the comments).