**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 99-10902**
**Summary Calendar**

**DONALD E. MAY,**

**Plaintiff-Appellant,**

**versus**

**MINYARD FOOD STORES, INC.,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Northern District of Texas**
**Lower Ct. No. 3:98-CV-2468-T**

March 10, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant, Donald May, filed a complaint against his former employer, Minyard Food Stores, Inc. ("Minyard"), alleging that he was fired because of his race in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq. The district court granted summary judgment in favor of Minyard. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except for the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

Minyard operates retail grocery stores in central Texas. On April 1, 1996, May applied to work at Minyard as a stocker. In filling out the employment application, May answered "Yes" to a question which asked whether he had ever been convicted, sentenced, or placed on probation for violating any laws. In response to the application's direction to "explain" this answer, including "the nature of conviction, dates, parole/probation officer's name and phone number, and your current status," May wrote: "Buglary [sic] Didn't [sic] expect [sic] to be convicted." The Minyard employee who interviewed May and reviewed May's completed employment application asked May about his criminal history and made the following note directly underneath May's response: "10/91 Burglary 5 years - 2 yrs 2-months Parole till 2/97."[1] **May then signed a statement that he understood he would be subject to termination if any statement in his application was false or misleading. This statement duplicated the warning found at the beginning of the application that "intentionally withholding or misrepresenting information could result in rejection for employment, or if employed, termination from the company."**

---

[1] Bobby Goodwin, an employment specialist with Minyard, testified by affidavit that he interviewed May on April 1, 1996. During an interview, Goodwin reviews an applicant's completed application, and if the applicant has indicated that he or she has a criminal history, Goodwin asks the applicant to provide the dates of the events and the details as to time-served. Based on the applicant's responses to these questions, Goodwin makes notations on the individual's application, including information that the applicant has not already provided. Goodwin testified that the phrase beginning "10/91 Burglary" was in his handwriting, so it appears that the phrase beginning with "Buglary [sic]" was May's own response to the criminal history question whereas the phrase underneath this response was a clarification that Goodwin made upon questioning May about his criminal history.

May was hired by Minyard as a part-time stocker at its Store No. 14 in Dallas on April 6, 1996. In late 1997 and early 1998, Store No. 14 experienced unexpectedly low gross profits and received third-party and employee complaints of theft. In accordance with Minyard policy, Minyard's Risk Management Department ("Risk Management") began an investigation of the employees at Store No. 14. According to Minyard, a Risk Management investigation involves a criminal background check on all employees, including management, and compares the results with each employee's employment application. If an application does not include an employee's complete criminal history, Risk Management meets with the employee to discuss the discrepancy. At the same time, Risk Management undertakes its own investigation of the discrepancy to determine if the employee was untruthful or misleading in completing the employment application. Risk Management consistently terminates those employees who, in its view, have withheld information or have provided false or misleading information.

The criminal history check on May revealed that he had two felony convictions for burglaries committed in 1988 and in 1991. Risk Management determined that this criminal history was inconsistent with May's representations in his employment application. On January 22, 1998, a Risk Management employee met with May about his criminal background check, and May acknowledged his convictions for burglaries in 1988 and 1991. Minyard then

3

**concluded that May had violated company policy by failing to disclose the 1988 burglary, and it fired him on January 23, 1998.**

**May was one of twelve employees fired by Risk Management in January 1998 for the stated reason of failing to accurately list criminal convictions in his or her employment application. In the wake of these terminations, Minyard hired new stockers at Store No. 14, all of whom were black males.**

## STANDARD OF REVIEW

This court reviews the grant of summary judgment <u>de</u> <u>novo</u>. Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>see</u> <u>also</u> <u>Celotex Corp. v. Citrate</u>, 477 U.S. 317, 322-24 (1986). Under this standard, all reasonable inferences are drawn in favor of the non-moving party. See <u>Hassan v. Lubbock Indep. Sch. Dist.</u>, 55 F.3d 1075, 1079 (5th Cir. 1995).

## DISCUSSION

In order to make out a prima facie case of discrimination a plaintiff alleging discriminatory discharge must show (1) that he is a member of a protected group; (2) that he was qualified for the job that he formerly held; (3) that he was discharged; and (4) that after his discharge, the position he held was filled by someone not within his protected class. <u>Vaughn v. Edel</u>, 918 F.2d 517, 521 (5th Cir.1990), <u>citing</u> <u>Norris v. Hartmarx Specialty</u>

**4**

<u>Stores</u>, 913 F.2d 253, 254 (5th Cir.1990). Once the plaintiff establishes a prima facie case of discrimination, the defendant must articulate a legitimate, nondiscriminatory reason for the discharge. If the defendant states a legitimate reason, the plaintiff must show, by a preponderance of the evidence, that the reason provided by the defendant was a pretext for discrimination. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973).

May's <u>pro</u> <u>se</u> complaint alleges that Minyard terminated him based on his race.[2] **In response, Minyard presents evidence that May failed to disclose his complete criminal history on his employment application, namely, his 1988 burglary conviction. In the face of this legitimate, nondiscriminatory reason for his discharge, May was required to present evidence that (1) creates a fact issue as to whether Minyard's stated reason for his discharge is not its actual motivation, and that (2) creates a reasonable inference that race was a determinative factor in May's discharge. See <u>Rhodes v. Guiberson Oil Tools</u>, 75 F.3d 989, 994 (5th Cir. 1996) (en banc). May, however, failed to show such evidence.**

**May argues that Minyard could not have fired him for not disclosing his criminal history because he in fact made a full**

---

[2] Under our caselaw, properly understood, May stated a **prima facie** case of racial discrimination even though he was replaced by a black male. See <u>Nieto v. L&H Packing Co.</u>, 108 F.3d 621, 624 (5th Cir. 1997)(stating that whether the plaintiff is replaced by someone outside the protected class is not "outcome determinative"). <u>Nieto</u> was based on the earliest caselaw in this circuit, which is controlling. Later cases like <u>Singh v. Shoney's Inc.</u>, 64 F.3d 217, 219 (5th Cir. 1995)(stating that an element of a <u>prima facie</u> case is whether the plaintiff was replaced by someone outside the protected class) are not.

5

disclosure. He notes his "Yes" response to the employment application's question on criminal history, and he contends that two burglaries are noted in the space provided for an explanation.

The issue, though, is not whether Minyard made a mistake in finding nondisclosure but whether Minyard's stated reason for discharging May was fabricated to mask racial animus. <u>Mayberry v. Vought Aircraft Company</u>, 55 F.3d 1086, 1091 (5th Cir. 1995). On this, May offers no evidence. He does assert his subjective belief that Minyard fired him because he was black, but this is not competent summary judgment evidence. <u>Wallace v. Texas Tech Univ.</u>, 80 F.3d 1042, 1048 (5th Cir. 1996). In fact, Minyard's uncontroverted evidence that May was replaced by a black male and that a majority of Store No. 14's employees are black, including the manager and assistant managers, suggests that Minyard's decision to discharge May was not motivated by racial animus.

May makes one other argument to support his discrimination claim. He contends that he was treated differently than a white employee who had criminal convictions and who was neither investigated nor discharged. But again, this bare assertion is insufficient summary judgment evidence. It crumbles under Minyard's uncontroverted evidence that the background check on the white employee in question revealed no criminal history.

CONCLUSION

Because May fails to present competent summary judgment evidence that race was a motivating factor in Minyard's decision to discharge him, he has not raised a genuine issue of material fact

sufficient to withstand summary judgment.  The judgment of the district court is therefore **AFFIRMED**.