**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**Summary Calendar**
**No. 00-60515**

**SCOTT M. SMITH,**

**Plaintiff-Appellant,**

**versus**

**ALBERTSON'S INC.,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**3:99-CV-247-BN**

March 6, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In this racial discrimination and retaliation case, Plaintiff-Appellant, Scott M. Smith (hereinafter "Smith"), appeals from the district court's grant of summary judgment in favor of his former employer, Defendant-Appellee Albertson's, Inc (hereinafter "Albertson's"). Finding that Smith failed to offer competent summary judgment evidence suggesting that Albertson's non-

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discriminatory reasons were pretextual and, that Smith's retaliation claim is unsubstantiated, we **AFFIRM**.

## FACTS AND PROCEEDINGS

In September 1997, Smith, an African American, began his employment as a clerk with Albertson's grocery chain. In January 1998, Jeff Smith, the store director, promoted Smith to lobby supervisor. It was at this time that Smith's employment problems began. In June 1998, Jeff Smith issued Smith two written performance warnings, one pertaining to continued excessive overtime after he had been advised against it, and the other involving the untidy and unclean condition of Smith's department. As a result of these problems, Jeff Smith eventually demoted Smith to drug clerk around November 1998. Due to his demotion, Smith's pay was reduced from $9.15 to $8.55 per hour.

On January 11, 1999, Smith filed a complaint with the Equal Opportunity Employment Commission ("EEOC") alleging that his demotion and pay reduction were based on his race. On February 26, 1999, finding insufficient evidence to establish a violation, the EEOC dismissed Smith's complaint and issued him a right to sue letter. On March 6, 1999, Smith received his third written warning notice for missing a scheduled work shift due to car problems. Finally, on March 19, 1999, Smith was terminated because he discounted merchandise without management approval.

As a result, Smith filed this lawsuit on April 5, 1999 alleging, *inter alia*, racial discrimination and retaliation in violation of Title VII.[2]  The district court granted Albertson's motion for summary judgment and dismissed Smith's claims.  Smith timely filed a notice of appeal.

### STANDARD OF REVIEW

This court reviews a district court's grant of a motion for summary judgment *de novo*, employing the same standards as the district court.  *See* Scrivner v. Socorro Independent School District, 169 F.3d 969, 970 (5th Cir. 1999).  Therefore, this court reviews the record as a whole and will reverse the district court's ruling only if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits establish a genuine issue of material fact and the moving party is not entitled to judgment as a matter of law.  *See* Sreeram v. Louisiana State Univ. Medical Center, 188 F.3d 314, 318 (5th Cir. 1999); *see also*, FED.R.CIV.P. 56(c).  A genuine issue of material fact exists where a reasonable jury could return a verdict for the nonmoving party based on the evidence currently before this court. *Id.*

### SMITH'S RACIAL DISCRIMINATION CLAIM

Smith maintains that Albertson's discriminated against him on the basis of race in demoting him, reducing his wage rate,

---

[2]    Smith originally asserted claims for harassment and intentional and negligent infliction of emotional distress under state law.  Smith does not challenge the district court's dismissal of these claims on appeal.

3

and ultimately terminating him.[3]  Smith's claims of discrimination are governed by the tripartite burden-shifting analysis established in <u>McDonnell Douglas v. Green</u>, 411 U.S. 792, 802 (1973).  Under this analysis, the Smith bears the burden of establishing a prima facie case of discrimination.  *See* <u>Rubinstein v. Administrators of the Tulane Educational Fund</u>, 218 F.3d 392, 399 (5th Cir. 2000).  Upon such a showing, the burden shifts to Albertson's to articulate some legitimate, non-discriminatory reason for the challenged employment action. <u>Id.</u>  If such a showing is made, then the burden shifts back to Smith to demonstrate that the articulated reason was merely a pretext to unlawful discrimination. *Id.*

Accordingly, Smith must first establish a prima facie case of discrimination. <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 120 S.Ct. 2097, 2106 (2000).  Since Smith's claim for discrimination is ultimately based on Albertson's demoting him due to his race, Smith must show that: (1) he was within a protected class; (2) he was qualified for the position sought; (3) he suffered an adverse employment action; and (4) his position was filled by someone else.  *See* <u>Bennett v. Total Minatome Corp.</u>, 138 F.3d 1053, 1060 (5th Cir. 1998).  In this case, it is undisputed on appeal that Smith satisfied the prima facie case.

---

[3]    After reviewing the record and the briefs, it is not entirely clear whether Smith alleges that his race played any role in his termination.  However, since Smith is proceeding *pro se*, this court will construe his allegations and briefs more liberally. *See* <u>Nerren v. Livingston Police Dept.</u>, 86 F.3d 469, 472 (5th Cir. 1996).  Accordingly, this court assumes Smith alleges that race played a role in his termination.

4

The burden then shifted to Albertson's to articulate a legitimate, non-discriminatory reason for the challenged employment action. *See* Russell v. McKinney Hospital Venture, 235 F.3d 219, 222 (5th Cir. 2000). Albertson's states that Smith was demoted because of poor job performance and terminated because he sold merchandise at a discount without management approval. These reasons are documented in Smith's personnel file at Albertson's. In addition, Albertson's contends Smith's decrease in pay was associated with his demotion and was in accordance with Albertson's Mississippi Area Wage Schedule. Thus, it is clear from the record that Albertson's has met its burden.

The burden finally shifted back to Smith to offer evidence sufficient to create a fact issue that Albertson's reasons were a pretext for discrimination. The summary judgment turns on the question of pretext. *See* Rubinstein, 218 F.3d at 400.

Smith fails the third part of the analysis. In his attempt to meet this burden, Smith makes the following contentions: that two former co-workers <u>will</u> testify on his behalf at trial[4]; that he had authorization to sell the merchandise at a discount[5]; that Jeff Smith is a liar and a racist; that he was demoted because

---

[4] Specifically, Smith contends that Joan Creel's testimony will directly contradict several of Defendant's interrogatories, but offers nothing more in support of this contention.

[5] He asserts that he and Bill Derouen, Drug Manager, discussed ways of improving gross profit in his department and that he suggested that they sell damaged merchandise at half-price rather than throwing the merchandise away. Albertson's acknowledges the conversation took place, but denies that Smith was ever given permission to mark down the prices of diapers. Other than asserting he had permission, Smith offers nothing more in support of this contention.

5

the store director wanted to put his white former classmate in Smith's position; and that he was not demoted and terminated for legitimate nondiscriminatory reasons because his personnel file lacked documentation regarding the reasons for these adverse actions.

Smith however does not offer any competent summary judgment evidence in support of these contentions. Smith offers no affidavit testimony from any co-worker in support of any of his contentions. In addition to being hearsay, the only declaration Smith produced fails to support any of Smith's contentions.[6] As previously noted, the record contains documentation regarding Smith's termination.[7] Apart from bald assertions, Smith offers no competent evidence sufficient to withstand summary judgment. *See* Ray v. Tandem Computers, Inc., 63 F.3d 429, 434 (5th Cir. 1995) (bald assertions of discrimination are inadequate to permit a finding that proscribed discrimination motivated defendant's actions against plaintiff); *see also*, Little v. Republic Refining Co., Ltd., 924 F.2d 93, 96 (5th Cir. 1991) (subjective belief of discrimination cannot be basis of judicial relief). Speculation

---

[6] Smith produced the declaration of Tracy Miller. Miller, who is white, stated that he was not terminated after marking down the price of milk after he was authorized to do so. This court fails to see the significance of Miller's declaration. As the district court noted, Miller unquestionably had the authority to mark down the milk, while Albertson's alleges that Smith had no such authority.

[7] Smith himself produced a copy of written notice of his termination in his complaint as Exhibit "X" which states the reason for his termination was his marking down the price of merchandise without approval. (R. at 54).

6

and belief are insufficient to create a fact issue as to pretext. *See* <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) ("...employee's subjective belief that he suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion[.]").

**SMITH'S RETALIATION CLAIM**

Smith also has failed to support a cause of action for retaliation. To establish a prima facie claim of retaliation, Smith must show: (1) that he engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that a causal link existed between his participation in the protected activity and the adverse employment action. *See* <u>Casarez v. Burlington Northern/Santa Fe Co.</u>, 193 F.3d 334, 338-39 (5th Cir. 1999). Ultimately, Smith must show that Albertson's would not have terminated him "but for" Smith's filing a complaint with the EEOC. *See* <u>Scrivner</u>, 169 F.3d at 972.

On January 11, 1999, Smith filed a complaint with the EEOC alleging that his demotion and accompanying pay reduction were the result of race discrimination. On March 19, 1999, Albertson's terminated Smith for selling merchandise at a discount without authorization. Other than self-serving statements and unsubstantiated assertions, Smith offers no admissible evidence of any causal link between his termination and his filing a complaint with

the EEOC.[8]  The party opposing summary judgment must present supporting evidence and/or testimony, or suffer dismissal of the case.  As previously noted, mere "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." Douglass, 79 F.3d at 1430.  Smith's own self-serving statements of subjective belief of discrimination are insufficient to support his burden. *See* Grizzle v. Travelers Health Network, Inc., 14 F.3d 261, 268 (5th Cir. 1994).

## CONCLUSION

Smith failed to present sufficient evidence from which a reasonable jury could infer discrimination and his claim of illegal retaliation is unsupported.  Accordingly, summary judgment in favor of Albertson's is **AFFIRMED**.

---

[8]  Again, Smith only produces statements of witnesses who will testify at trial, but offers nothing more.