**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 02-50373**
**Summary Calendar**

**DAVID J. WILLIAMS,**

**Plaintiff-Appellant,**

**versus**

**OFFICE DEPOT, INC.,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Western District of Texas**
**(SA-99-CV-1188)**

October 9, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David J. Williams appeals the summary judgment awarded Office Depot, Inc., on his two Title VII claims: employment discrimination and retaliatory discharge. Summary judgments are reviewed *de novo*. *E.g., Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 762 (5th Cir. 2001). No authority need be cited for such judgment being proper if there are no material fact issues and the non-movant is entitled to a judgment as a matter of law.

A *prima facie* case for race discrimination requires plaintiff prove: (1) he is a member of a protected group; (2) he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

qualified for his former job; (3) he was discharged; and (4) after his discharge, his former position was filled by someone not within the protected class. *E.g.*, **Singh v. Shoney's, Inc.**, 64 F.3d 217, 219 (5th Cir. 1995). If plaintiff establishes the *prima facie* case, defendant must articulate a legitimate non-discriminatory reason for discharge. **Id.** at 219. If defendant does so, plaintiff must show, by a preponderance of evidence, that the reason is pretextual. **Id.**

Williams maintains erroneously that the Supreme Court held in **Reeves v. Sanderson Plumbing Products, Inc.**, 530 U.S. 133 (2000), that, to defeat a motion for summary judgment, plaintiffs are only required to show by some evidence that the defendant's reason for discharge was false. The **Reeves** Court noted: "[T]here will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory". **Id.** at 148. **Vadie v. Mississippi State Univ.**, 218 F.3d 365 (5th Cir. 2000), elaborated on **Reeves**, stating that a plaintiff can avoid summary judgment only if the evidence, taken as a whole: "(1) creates a fact issue as to whether *each* of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [the alleged discriminatory conduct] was *a determinative factor* in the actions of which plaintiff complains." **Id.** at 373 n. 23 (emphasis added; quoting **Rhodes v. Guiberson Oil Tools**, 75 F.3d 989, 993-94 (5th Cir. 1996)).

2

Williams lied on his employment application concerning his criminal history.  Given the investigation of Williams' possible theft of Office Depot goods, Office Depot chose to terminate him for lying on the application.  We conclude, as did the district court:  even if Williams proved a *prima facie* case, and viewed in the light most favoring Williams, the record fails to create material fact issues surrounding Office Depot's reason for termination.  The record also fails to show that race was a determinative factor in Office Depot's decision.

A *prima facie* case for retaliatory discharge requires Williams to show:  (1) his participation in activity protected by Title VII; (2) an adverse employment action; and (3) a causal connection between his participation in the protected activity and the adverse employment action.  *E.g., **Holt v. JTM Industries, Inc.,*** 89 F.3d 1224, 1226 (5th Cir. 1996).  Williams fails to do so.  Even if the first two prongs are met, he fails to show that, "but for" his filing an EEOC charge against Office Depot, he would not have been terminated.  *See, e.g., **Scrivner v. Socorro Independent School District***, 169 F.3d 969, 972 (5th Cir. 1999).

*AFFIRMED*

3