**Patricia HORNSBY, Plaintiff-Appellant,**

v.

**CONOCO, INC., Defendant-Appellee.**

No. 85–2078
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 26, 1985.

Rehearing and Rehearing En Banc
Denied Dec. 27, 1985.

---

David T. Lopez & Associates, David T. Lopez, Houston, Tex., for plaintiff-appellant.

Vinson & Elkins, John H. Smither, Stuart B. Johnston, Jr., Houston, Tex., for defendant-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge.

This case, raising charges of age and sex discrimination and sexual harassment, is on appeal to determine whether the district court properly granted the appellee's motions for directed verdict and dismissal. Because we find no evidence to support the appellant's charges of age and sex discrimination, we hold that the directed verdict and dismissal were properly entered, and further hold that the appellant's sexual harassment claim was time-barred. We therefore affirm.

### I.

The appellant, Patricia Hornsby, worked as a secretary for the appellee, Conoco, from 1962 until November 1979. In late 1979, Hornsby was offered a staff-assistant position in the Gas Activities Group. Her duties in this new position included completing the paperwork for classifying the company's gas wells. Hornsby was assigned a division covering Conoco wells in Midland and Corpus Christi, Texas, and Lafayette, Lake Charles and New Orleans, Louisiana. Hornsby's supervisor as of September 1980, Vic Boyer, periodically reviewed Hornsby's work and assisted her in implementing the procedures for complying with various regulatory laws. Hornsby worked as a staff assistant until her discharge on May 13, 1981. It is this discharge that constitutes the basis of this action.

On May 29, 1981 Hornsby filed a timely charge of discrimination with the Equal Employment Opportunity Commission

(EEOC). On the charge form used to have a complainant specify the form of discrimination, Hornsby marked the box next to "other" and wrote in "age and retaliation." In the body of her statement explaining her charge, however, Hornsby wrote that she had told a supervisor that unless she was promoted, she would go to the EEOC because she felt she was being discriminated against because of her sex.

More than seven months later, on January 4, 1982, Hornsby filed an amended charge, this time indicating that the cause of discrimination was sex, age, retaliation *and* sexual harassment. To support this new claim of sexual harassment, Hornsby wrote that Boyer had asked her if she could still get pregnant, had put his arm around the back of a booth in which she was sitting, had held her hand for several minutes at a social function, and had eventually treated her coldly because she showed no interest in his advances. On August 26, 1982, the district director of the EEOC issued a "Determination/Administrative Closure" letter stating that the EEOC had examined the evidence and found unsupported Hornsby's allegations of sex discrimination and retaliation for having protested acts made illegal by Title VII of the 1964 Civil Rights Act. The letter also stated that the EEOC was terminating processing of the charges under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*

In November 1982, Hornsby brought suit in district court. The case was tried before a jury in October 1984; the parties agreed, however, that only factual issues related to the ADEA claim would be submitted to the jury. At the conclusion of Hornsby's case-in-chief,[1] the court granted Conoco's motion for a directed verdict on the age discrimination claim. Hornsby then presented evidence to the court relating to her sex dis-

crimination and harassment claims under Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. § 2000e, *et seq.* At the close of Hornsby's evidence, the court granted Conoco's motion for dismissal under 41(b) Fed.R.Civ.P., and entered judgment for Conoco, from which Hornsby appeals.

## II.

Hornsby presented three issues on appeal. First, Hornsby contends that the district court erred in granting a directed verdict on the age discrimination claim. Second, Hornsby contends that the district court erred in dismissing her sex-discrimination claim. Finally, Hornsby argues that the district court erred in dismissing her sexual harassment claim, first raised in her amended EEOC complaint, as time-barred.

## A.

We first address whether the district court erred in granting a directed verdict for Conoco on the age discrimination claim. This court has delineated the standard that should be applied in determining the sufficiency of evidence to create a jury question. We held that

> On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper.

*Boeing Company v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969) (en banc).

---

1. The primary witness for the defendant, Boyer, was called by Hornsby as an adverse witness. This afforded Hornsby the opportunity to examine Conoco's evidence for specific intent to discriminate, but no evidence of intent was adduced. Moreover, calling Boyer as an adverse witness allowed the defendant to fully establish its defense that Hornsby performed her job unsatisfactorily and wrongfully refused to return important company documents, which Boyer testified was the basis of Hornsby's discharge. Thus, when Hornsby rested, the evidence before the jury reflected a fully developed case rather than merely the plaintiff's proof.

In *Elliott v. Group Medical & Surgical Service*, 714 F.2d 556, 564 n. 9 (5th Cir. 1983), *cert. denied*, — U.S. —, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984) we set out the elements that a plaintiff must show in order to establish a prima facie case of age discrimination under ADEA. We stated that a plaintiff must prove that he was discharged; was qualified for the position; was within the protected class at the time of the discharge; was replaced by someone outside the protected class, or by someone younger, or show otherwise that his discharge was because of his age. *Id.* at 565. We further held that generalized testimony by an employee regarding his subjective belief that his discharge was the result of age discrimination is insufficient to make an issue for the jury in the face of proof showing an adequate non-discriminatory reason for his discharge. *Id.* at 564.

We now must apply these standards to the instant case. Hornsby showed that she was within the protected age group, that she was discharged, that she was replaced by someone younger, and Hornsby testified that she was qualified. If that evidence were all that was before the jury, a directed verdict would have been improperly granted. However, the defendant was able to present evidence through the adversely-called Boyer that Hornsby was discharged because the quality of her work was unacceptable and because she wrongfully took important company documents from the office and refused to return them. Boyer offered both testimony and documentary evidence. This evidence showed an adequate non-discriminatory reason for Hornsby's discharge. Hornsby presented additional evidence in her case-in-chief that was designed to show age discrimination. This evidence consisted of testimony that Boyer sought the company of younger females on and off the job, talked with young females about personal matters, asked Hornsby's daughter to have lunch and suggested a date, and rode a train from Houston to Dallas with a young female employee of Conoco. This was the total evidence submitted to show that her discharge was motivated because of her age. Thus,

Hornsby failed to present any evidence that established that she was discharged because of her age except her subjective belief that she had been fired for this reason. As *Elliott* makes clear, we cannot allow subjective belief to be the basis for judicial relief when an adequate nondiscriminatory reason for the discharge has been presented.

Hornsby argues that *Elliott* does not provide a standard for considering a motion for a directed verdict because in that case we were concerned with examining the evidence at the conclusion of the trial. Moreover, Hornsby notes that in *Wilson v. Sealtest Foods Division*, 501 F.2d 84, 86 (5th Cir.1974), this court held that a directed verdict was improper when the plaintiff has established a prima facie case.

First, as we have noted, here, similar to *Elliott*, the evidence before the jury had been fully developed, very much as it would have been at the conclusion of the trial. The evidence of both parties had been presented to the jury. Second, unlike *Wilson*, Hornsby failed to show the district court any evidence of discrimination other than her subjective belief. Without more evidence of discrimination, Hornsby falls outside the ambit of *Wilson*.

For these reasons, the district court judgment entering a directed verdict on the age discrimination claim is affirmed.

### B.

The second issue on appeal is whether the district court erred in dismissing Hornsby's action after she presented her sex discrimination claim. The district court held that Hornsby was prohibited from proving her prima facie case because her position was filled by someone within the protected class, i.e., a woman. Hornsby contends, and we agree, that the analysis of the district court in this regard was in error. This court has previously held that the single fact that a plaintiff is replaced by someone within the protected class does not negate the possibility that the discharge was motivated for discrimina-

tory reasons. *See Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 86 (5th Cir.1982). We affirm the district court's dismissal, however, because Hornsby failed to offer any evidence other than her subjective belief—essentially the same evidence offered with respect to her other charges—that she was terminated because of her sex.

### C.

The final issue on appeal is whether Hornsby's sexual harassment claim is time-barred. Hornsby was discharged on March 15, 1981 and filed her original EEOC complaint alleging discrimination on March 29, 1981. This original complaint was brought within the 180-day limitation provided under 42 U.S.C. § 2000e–5(e). Hornsby amended her complaint on January 4, 1982 to include her sexual harassment claim against Boyer. This amendment is clearly outside the 180-day limitation. An amendment may for certain limited reasons, such as curing technical defects or omissions, including failure to verify the charge, relate back to the date of the first filing. 29 C.F.R. § 1601.12(b). Hornsby contends on appeal that the amendment properly relates back. We disagree.

When Hornsby filed her original complaint in March of 1981, she marked only the box next to "other" and wrote that she had been discriminated against because of "age and retaliation." On the back of the form, however, Hornsby wrote that she believed that she had been discriminated against because of her sex. Thus, liberally construing Hornsby's original complaint, *see Terrell v. United States Pipe & Foundry Co.*, 644 F.2d 1112 (5th Cir.1981), *cert. denied*, 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982), Hornsby filed an age and sex discrimination claim. The facts included in the complaint make no reference to sexual harassment. When Hornsby amended her complaint in January, she added both a new and independent charge, sexual harassment, and new and independent facts to support this claim. Her actions were far more substantive than merely cures to technical defects.

Hornsby contends that in *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir.1970) this court held that an amended complaint, filed outside the time restrictions, alleging sex and national origin discrimination could relate back to an original complaint alleging only sex discrimination. This argument misconstrues *Sanchez*. In *Sanchez*, the plaintiff filed a timely EEOC charge that stated that the plaintiff's supervisor hit the plaintiff on her buttocks and that the plaintiff had hurt her thumb at work. The plaintiff marked the EEOC charge form to indicate that she had been discriminated against on the basis of her sex. After the time for filing an EEOC complaint expired, the plaintiff amended her complaint to give a fuller explanation of her supervisor's hitting her buttocks and how she injured her thumb. On the amended form, the plaintiff made a mark to indicate that she had been discriminated against on the basis of both her sex and national origin. We held that the amended complaint related back to the original claim because the facts alleged in the complaint, and upon which *both* charges of sex and national origin discrimination were based, were identical. We further held that a complainant's failure to mark the correct boxes for the alleged discrimination would not prevent an amendment from relating back.

Our holding in the instant case is consistent with *Sanchez*. As we did in *Sanchez*, we construe Hornsby's original complaint to allege both age and sex discrimination, even though she failed to mark on the charge form the box indicating that she had been discriminated against on the basis of sex. In her amended complaint, however, Hornsby, unlike Sanchez, added a charge, and facts as well, that are independent of the allegations in her first complaint. Thus, the amended complaint does not properly relate back to the original.

For these reasons, we find that the district court properly found the January "amendment" to be an addition to Hornsby's original complaint and thus barred by the statute of limitations. *See United Air*

*Lines, Inc. v. Evans,* 431 U.S. 553, 554–55, 97 S.Ct. 1885, 1887, 52 L.Ed.2d 571 (1977); *Equal Employment Opportunity Commission v. Mississippi College,* 626 F.2d 477, 483–84 (5th Cir.1980).

### III.

For the reasons stated herein, the judgment of the district court is

AFFIRMED.