**Norman WINKLEY, Plaintiff,**

v.

**EL PASO NATURAL GAS COMPANY, Defendant.**

**No. EP 88 CA 55.**

United States District Court, W.D. Texas, El Paso Division.

Nov. 21, 1988.

Victor R. Arditti, El Paso, Tex., for Norman Winkley.

Kenneth R. Carr, Clovis W. McArthur, Jr., Harold H. Young, Sr., El Paso Natural Gas Co., El Paso, Tex., for El Paso Natural Gas Co.

### ORDER

GARZA, District Judge.

El Paso Natural Gas Company's Motion for Directed Verdict, having been duly considered, is GRANTED.

On October 17, 1988, a jury was empaneled to hear the above-referenced cause filed by the Plaintiff, Norman Winkley, against the Defendant, El Paso Natural Gas Company, alleging violations of the Age Discrimination and Employment Act

(ADEA) 29 U.S.C. § 621, *et seq.* Specifically, Plaintiff alleged *inter alia* [1] that

(1) he was neither selected for the position of Negotiator, Senior Right-of-Way, Southern Division, or Permian Division;

(2) his last position was abolished; and

(3) he was not offered another position, all due to discriminatory reasons based on age.

Defendant denied these allegations, and the case proceeded to trial.

At the close of the Plaintiff's case-in-chief, Defendant moved the Court for directed verdict alleging:

the evidence submitted by the Plaintiff does not entitle the Plaintiff to recover in that the Plaintiff has failed to sustain his burden of proving that he was discriminated against by Defendant on the basis of his age.

As recently as 1985, the Fifth Circuit articulated the standard to be used by trial courts in considering a motion for directed verdict in an ADEA case. *Hornsby v. Conoco, Inc.,* 777 F.2d 243 (5th Cir.1985). In *Hornsby,* Judge Jolly wrote concerning this specific directed verdict standard:

In *Elliott v. Group Medical and Surgical Service,* 714 F.2d 556, 564 n. 9 (5th Cir.1983), *cert. denied,* 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984) we set out the elements that a plaintiff must show in order to establish a prima facie case of age discrimination under ADEA. We stated that a Plaintiff must prove that he was discharged; was qualified for the position; was within the protected class at the time of the discharge; was replaced by someone outside the protected class, or by someone younger, or show otherwise that his discharge was because of his age. *Id.* at 565. We further held that generalized testimony by an employee regarding his subjective belief that his discharge was the result of age discrimination is insufficient to make an issue for the jury in the face of proof showing an adequate non-discriminatory reason for his discharge. *Id.* at 564.

*Hornsby,* 777 F.2d at 246.

■ Here, Mr. Winkley established a *prima facie* case of age discrimination by showing:

1. He was in a protected class (43 years of age);

2. Younger men were promoted to the position he sought; and

3. He was qualified for the position he sought.

■ The Defendant then produced evidence through Mr. Winkley that he was not promoted because the two individuals who were promoted were better qualified than he was. There was evidence from the Defendant's performance records that either in 1984 and 1985 or at least in 1985, these individuals' performance ratings were superior to those given Mr. Winkley. Defendant also produced evidence that El Paso Natural Gas Company, during this period of time, went through a fifty percent (50%) reduction in force in the company in general and specifically in the Right-of-Way Department. Further, the Defendant showed that Mr. Winkley, during the 1980's, had personal problems including a divorce, and that he repeatedly borrowed money from fellow employees or had them co-signed notes on his behalf. There was also an outstanding judgment for $40,000.00 on an unpaid loan with MBank.

The Court finds that the Plaintiff established a *prima facie* case, and that the Defendant showed an adequate non-discriminatory reason for failing to promote the Plaintiff and abolishing his position and not offering another position.

Winkley presented additional evidence in his case-in-chief that was designed to show age discrimination. He testified that after his transfer to Midland, Texas, and working for Gayle Koeninger and personally

---

**1.** Court had previously granted Defendant's Motion to Dismiss Plaintiff's § 1983 cause of action and any cause of action based on the 14th Amendment to the Constitution of the United States. Further, the Court dismissed all allegations requesting relief for "pain and suffering," "emotional distress (or 'distress')" or "injury to his reputation." Further, the Court dismissed allegations based on punitive damages.

ascertaining that Koeninger was not better qualified, Mr. Winkley opined that his failure to be promoted was due to age. No other evidence was presented of age discrimination.

As *Elliott* makes clear, we cannot allow subjective belief to be the basis for judicial relief when an adequate non-discriminatory reason for the discharge has been presented.

*Hornsby,* 777 F.2d at 246.

This Court concludes that Winkley has failed to show any evidence of discrimination other than his subjective belief, and therefore the Defendant's Motion for Directed Verdict should be granted.

IT IS SO ORDERED.

## JUDGMENT

The Court's Order Granting Defendant's Motion for Directed Verdict having been entered contemporaneously herewith, it is ORDERED that Plaintiff take nothing from Defendant in this cause of action.

It is further ORDERED that all costs shall be taxed against Plaintiff.

IT IS SO ORDERED.