# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 98-11054
Summary Calendar

---

JOSE G. MAGANA,

Plaintiff-Appellant,

versus

TARRANT/DALLAS PRINTING, INC.,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-865-D

---

August 19, 1999

Before POLITZ, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

In this appeal from the dismissal of his employment discrimination suit, asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., Plaintiff-Appellant Jose Magana asks us to reverse the district court's grant of summary judgment in favor of Defendant-Appellee Tarrant/Dallas Printing, Inc. ("TDP"). Magana complains that the district court erred in finding that his EEOC charge does not encompass claims of hostile environment national origin discrimination or race discrimination of any type, but 5rather comprises only claims of national origin discriminatory demotion and retaliatory discharge. As to these claims, Magana further argues that the court erred in finding his summary judgment evidence insufficient to raise a genuine issue of material fact as to whether TDP's proffered reason for its adverse emploiyment actions was a pretext.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have carefully considered the Memorandum Opinion and Order of the district court in light of the facts revealed by the summary judgment record and the legal arguments set forth in counsels' appellate briefs. Our de novo review of the district court's grant of summary judgment dismissing Magana's discrimination claims against TDP leads us to the same conclusions as those reached by the district court and for essentially the same reasons.

It is well-settled that courts have jurisdiction to consider only those Title VII claims as to which the aggrieved party has exhausted his administrative remedies.[**] We have held, however, that a judicial complaint filed pursuant to Title VII may encompass any kind of discrimination "like or related to" allegations contained in the EEOC charge, as well as discrimination that grows out of such allegations during the pendency of the case before the Commission.[***] demoted because of his national origin, i.e., Mexican-American. Unlike the district court, we read this charge to embody a claim of discrimination based on race as well as national origin.[****] We agree with the district court, however, that the claim of hostile work environment contained in Magana's judicial complaint involves new and independent allegations of discrimination that neither grew out of nor are directly related to the

---

[**]Tolbert v. United States, 916 F.2d 245, 247-48 (5th Cir. 1990).

[***]Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970).

[****]See Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987) (holding that a claim of racial discrimination pursuant to 42 U.S.C. §1981 could be based on a showing that discrimination resulted from Arab ethnicity); 29 C.F.R. §1601.1 (defining national origin discrimination as including "the denial of equal employment opportunity ... because an individual has the physical, cultural or linguistic characteristics of a national origin group."); Sanchez, 431 F.2d at 462 (stating that "the crucial element of a charge of discrimination is the factual statement contained therein" and that a charging party's rights should not be cut off "merely because he fails to articulate correctly the legal conclusion emanating from his factual allegations": by improperly labeling the type of discrimination to which he has been subjected).

subject matter of his EEOC charge --- i.e., demotion.[*****]  Consequently, we conclude, such claim is beyond the scope of our jurisdiction.[******]

As to the claims over which we do hav ejurisdiction, TDP contends that it demoted and then later fired Magana because he was not performing his job satisfactorily.  In support of his assertion that this proffered reason was in fact a pretext for unlawful discrimination and retaliation, Magana relies on (1) a co-worker's use of racial and ethnic slurs, (2) the unsworn statement of a witness who claimed to have overheard a co-worker's discussion of a plot to get rid of Magana, (3) an unsubstantiated assertion that TDP would not permit him to speak Spanish in the workplace, and (4) his own subjective belief that he was more qualified for the job than his replacement.  As the district court correctly surmised in its comprehensive and well-reasoned opinion, Magana's evidence is insufficient to raise a genuine issue of material fact as to whether TDP's adverse employment actions were motivated by either discriminatory or retaliatory animus rather than unsatisfactory job performance.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of TDP.

 AFFIRMED.

---

[*****]See Hornsby v. Conoco, Inc., 777 F.2d 243, 247 (5th Cir. 1985).

[******]We note that, although Magana never filed a claim of retaliatory discharge with the EEOC, we nevertheless have jurisdiction over that claim.  See Carter v. South Cent. Bell, 912 F.2d 832, 841 (5th Cir. 1990) (holding that when Title VII claims are properly before the court, there is jurisdiction to consider a retaliation claim growing out of an earlier EEOC charge); Gottlieb v. Tulane Univ. 809 F.2d 278, 284 (5th Cir. 1987).

2

4