**Darwin PEGUESE**

v.

**J.R. BORUP et al.**

**No. CIV. A. G–00–519.**

United States District Court, S.D. Texas, Galveston Division.

Feb. 2, 2001.

Ted C. Litton, Royston Rayzor Vickery and Williams, Houston, TX, for Ted C. Litton, mediators.

Reginald E. McKamie, Attorney at Law, Houston, TX, for Darwin Peguese, plaintiffs.

James T. Brown, Legge Farrow Kimmitt and McGrath, Houston, for J. R. Borup, Individually, J.W. Coonrod, Individually, Michael T. Godinich, Individually, J. M. Lane, Individually, Wendy L. Morrison, Individually, J. H. Smith, Individually, George W. Wyllie, Individually, Galveston–Texas City Pilots, Galtex Pilots Service Corporation, defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

KENT, District Judge.

Plaintiff Darwin Peguese brings this suit against Defendants claiming that they discriminated against him on the basis of race in not selecting him to be a Galveston deputy pilot. He brings claims under the Civil Rights Act of 1866, 42 U.S.C. § 1981(a), and the Ku Klux Klan Act of

1871, 42 U.S.C. §§ 1985(3), 1986, and 1988. Now before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. For the reasons stated below, Defendants' Motion is **DENIED**.

## I. *BACKGROUND*

Plaintiff, a resident of Gary, Indiana, is a licenséd maritime officer with eleven years of experience and three years of prior Navy experience, with an honorable discharge. Defendants are a group of maritime pilots, known collectively as Galveston–Texas City Pilots ("Pilots"), and a corporation, Galtex Pilots Service Corporation ("Galtex"). The Pilots are maritime ship pilots who provide local nautical knowledge about Galveston and Texas City navigational waters to ship captains of seagoing vessels. They assist seagoing captains with the arrival and departure of their ships from the Galveston sea buoy to various berths in Galveston County. Galtex is a corporation owned by the Pilots and alleged to employ Deputy Pilots, own property, pay employees, sign leases, and conduct other day-to-day business for the Pilots.

Plaintiff, an African–American, first applied to the Pilots in 1993. Since that time, Plaintiff has continued to inquire regarding positions and to make applications. In February of 2000, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against the Pilots alleging racial discrimination. Shortly thereafter, Plaintiff filed another application with the Pilots and was interviewed in Houston for the position of deputy pilot. He was not hired, and he alleges that the Pilots did not even vote on his application. Plaintiff claims that, in addition to discriminating against him on the basis of race, Defendants conspired to retaliate against Plaintiff because he filed a claim against them with the EEOC. Plaintiff alleges that in the approximately 150 year existence of the Pilots, no African–American had been selected as deputy pilot until the Pilots hired an African–American in May of 2000 instead of Plaintiff. Plaintiff contends that the Pilots hired an African–American in his place solely to thwart his EEOC complaint and to keep him out of the Pilots.

## II. *LEGAL STANDARD*

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994). The United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances. *See Mahone v. Addicks Util. Dist. of Harris County,* 836 F.2d 921, 926 (5th Cir.1988).

█ Section 1981 prohibits racial discrimination in the making and enforcement of contracts. *See* 42 U.S.C. § 1981. Section 1985 prohibits conspiracies to violate rights independently protected by the laws and Constitution. *See* 42 U.S.C. § 1985. In order to state a cause of action for racial discrimination in the making and enforcement of contracts under § 1981, Plaintiff must demonstrate intentional discrimination. *See General Bldg. Contractors Ass'n v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982); *National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio,* 40 F.3d 698, 714 (5th Cir.1994). To recover damages for a conspiracy to deny individuals the equal protection of the laws under § 1985, Plaintiff again must demonstrate that Defendants were motivated by an invidious discriminatory animus. *See Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Almon v. Sandlin,* 603 F.2d 503, 505 (5th Cir.1979).

In this case, the key determination in Plaintiff's § 1981 and 1985 claims is the existence, or nonexistence, of intentional racial discrimination. Because the crucial issue in both claims is the same, the Court will explicitly discuss only the § 1981 claim, but its discussion applies to Plaintiff's § 1985 claim as well. *See Jatoi v. Hurst–Euless–Bedford Hosp. Auth.*, 807 F.2d 1214, 1218 n. 2 (5th Cir.), *modified en banc*, 819 F.2d 545 (5th Cir.1987); *Earnest v. Lowentritt*, 690 F.2d 1198, 1202 (5th Cir.1982) (noting that even if the acts of the defendants were considered to have risen to the level of independent illegal actions, a prima facie case under § 1985(3) still failed because plaintiff could not ascribe to the defendants any racially-based motive); *Ramirez v. Sloss*, 615 F.2d 163, 169 (5th Cir.1980).

The Fifth Circuit applies the burden shifting analytical framework first established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973),[1] to analyze claims of intentional discrimination. *See Armstrong v. City of Dallas*, 997 F.2d 62, 65 n. 2 (5th Cir.1993). Thus, the burden shifting framework of McDonnell Douglas/Burdine applies to Plaintiff's § 1981 and § 1985 claims.[2]

Plaintiff's case will be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts which would support his prima facie case. *See Whitacre v. Davey*, 890 F.2d 1168, 1170 (D.C.Cir.1989) (holding that if a plaintiff alleges a prima facie case under McDonnell Douglas/Burdine, the complaint cannot be dismissed for failure to state a claim). To establish a prima facie case of racial discrimination under the McDonnell Douglas/Burdine paradigm, Plaintiff must show: (1) he belongs to a protected group, (2) he was qualified for the position held or sought, (3) he suffered an adverse employment action, and (4) he was replaced by someone outside the protected class *or* he was treated less favorably than other similarly situated *or* otherwise show that he was subjected to adverse treatment due to his race.[3] *See Urbano v. Continental Air-*

---

1. *McDonnell Douglas* was refined in *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and was clarified in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Both *McDonnell Douglas* and *St. Mary's* involved racial discrimination.

2. Liability under 42 U.S.C. § 1981 requires the same legal analysis as a Title VII disparate treatment claim. *See Patterson v.. McLean Credit Union*, 491 U.S. 164, 186, 109 S.Ct. 2363, 2377, 105 L.Ed.2d 132 (1989); *see also Ramirez*, 615 F.2d at 168 (declaring that in the Fifth Circuit, a plaintiff pursuing a § 1981 claim must establish intentional discrimination); *Williams v. Dekalb County*, 582 F.2d 2, 2–3 (5th Cir.1978) (same). Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer to discharge or otherwise discriminate against an individual with respect to that person's compensation, terms, conditions, or privileges of employment, or to otherwise adversely affect the person's status as an employee, because of that person's race. *See* 42 U.S.C. § 2000e–2(a).

3. The disjunctive "or" in the fourth element of the prima facie case is a crucial component, yet all too easily elided. Indeed, some recent Fifth Circuit cases have stated the fourth element in such a way that a plaintiff cannot make out a prima facie case unless he can show that he was replaced by a person who is not a member of the protected class to which plaintiff belongs. *See Nieto v. L & H Packing Co.*, 108 F.3d 621, 624 n. 7 (5th Cir.1997) (recognizing conflict between earlier and later cases with respect to wording of the fourth element of plaintiff's prima facie case); *compare Singh v. Shoney's Inc.*, 64 F.3d 217, 219 (5th Cir.1995) (concluding that replacement by a member of the same protected class as plaintiff precludes establishment of a prima facie case) *with Hornsby v. Conoco, Inc.*, 777 F.2d 243, 246–47 (5th Cir.1985) (recognizing that "the single fact that a plaintiff is replaced by someone within the protected class does not negate the possibility that the discharge was motivated [by] discriminatory reasons"). Absent an en banc Fifth Circuit or Supreme Court opinion to the contrary, the earlier, less restrictive interpretation of the fourth element of the prima facie case is the binding precedent within this Circuit. *See United States v. Texas Tech Univ.*, 171 F.3d 279, 279 n. 9 (5th Cir.1999) ("Where two panel decisions conflict, the prior decision constitutes the binding precedent");

*lines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998); *Hornsby v. Conoco, Inc.*, 777 F.2d 243, 246–47 (5th Cir.1985).

## III. *ANALYSIS*

■ Defendants first argue that Plaintiff fails the second prong of the prima facie case because they were prohibited by law from hiring Plaintiff, and hence Plaintiff was not qualified for the position he sought. Defendants contend that under Tex. Transp. Code Ann. § 67.038 (Vernon 1999), because Plaintiff was not certified by the Pilot Board[4] as qualified to be a deputy pilot, it would have been illegal for them to hire Plaintiff. Plaintiff does not deny that he was not certified, but argues that Defendants instructed him to send his application directly to them instead of to the Pilot Board.[5] Plaintiff asserts that he meets all the requirements to be a deputy pilot under Tex. Transp. Code Ann. § 67.034 and that he does not know what happened to his application after he sent it to Defendants. Based on these allegations, which the Court must accept as true and view in the light most favorable to the Plaintiff, the Court cannot hold that Plaintiff has failed to state a claim upon which relief may be granted. If Defendants misled Plaintiff into thinking that they would send his application to the Pilot Board for consideration and intentionally failed to do so in an effort to create a pretext for not hiring him, Plaintiff may well have an actionable claim. If it turns out, however, either that Plaintiff did not meet the requirements to be a deputy pilot or that the Board did in fact receive Plaintiff's unaltered application and chose not to certify Plaintiff, then Plaintiff will not be able to satisfy his prima facie case.[6] These factual issues are to be resolved in the context of a motion for summary judgment or at trial, not in the context of a motion to dismiss.

■ Defendants argue next that Plaintiff cannot meet the fourth prong of the prima facie case because the person they ultimately hired was an African-American. As explained in the previous section, it is not necessarily fatal to Plaintiff's case if the person Defendants hired for the position was a member of the protected class.[7] The Court can envision scenarios, though somewhat unlikely, where an employer discriminates against someone on the basis of race, yet, for whatever reason, decides to hire someone of the protected class. If Plaintiff can show that he was treated adversely on the basis of his race, how Defendants treated others is irrelevant. *Cf. O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996) (holding, in a case under the Age Discrimination in Employment Act employing the *McDonnell Douglas* framework, that "[t]he fact that one person in the protected class has lost out to another member of the protected class is irrelevant, so long as

---

*United States v. Gray*, 751 F.2d 733, 735 (5th Cir.1985) ("Under our court rules any such inconsistency must be resolved in favor of the earlier line, absent intervening decisions by the Supreme Court"); *Nieto*, 108 F.3d at 621 n. 7 (noting that insofar as the District Court's decision was based on recent but conflicting decisions interpreting this element of the prima facie case, "such conclusion was not supported by the controlling authority in this circuit").

**4.** The Galveston Pilot Board ("Board") is a body created by the Texas Legislature and governs pilot service in Galveston County. Tex. Transp. Code Ann § 67.017 (Vernon 1999).

**5.** Plaintiff maintains that it was unlawful for Defendants to so instruct Plaintiff, citing Tex. Transp. Code Ann. § 67.017(2). This section states that the Board shall "accept applications for pilot licenses and certificates and determine whether each applicant meets the qualification for a pilot." *See id.* The statutory language does not appear to prevent Defendants from instructing Plaintiff to send the application directly to them.

**6.** In the latter case, if Plaintiff was qualified, but the Board chose not to certify him on the basis of race, then Plaintiff will presumably have a separate cause of action against the Board, which is not a party to this suit.

**7.** *See supra* note 3.

he lost out because of [the protected characteristic]"). Moreover, Plaintiff makes a retaliation claim alleging, among other things, that Defendant hired an African–American solely to thwart Plaintiff's EEOC complaint. Accepting Plaintiff's allegations as true for the purpose of this Motion, the Court must conclude that Plaintiff has stated a claim upon which relief may be granted. That being said, the Court observes that Plaintiff faces an uphill struggle. The fact that Defendants ultimately hired an African–American for the position, though not dispositive, does tend to militate against the notion that Plaintiff was treated adversely on the basis of his race.

### III. *CONCLUSION*

For the reasons stated above, Defendants' Motion to Dismiss for Failure to State a Claim is **DENIED.** If discovery reveals that there is no evidence to support Plaintiff's claim, the Court will entertain a motion for summary judgment. The parties are also urged to continue negotiations with an eye to resolving the suit short of proceeding to trial on the merits. Each party is ordered to bear its own costs in the matter incurred herein to date.

**IT IS SO ORDERED.**