United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-41726
Summary Calendar
_____

ASHOK K. RAINA,

                                        Plaintiff - Appellant,

versus

ANN M. VENEMAN, SECRETARY,
U.S. DEPARTMENT OF AGRICULTURE,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas, McAllen
USDC No. 7:03-CV-133

_____

Before and JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    In this Title VII employment discrimination suit, Ashok K.

Raina contends that the defendant discriminated against him, based

on race and national origin, when it removed him from his position

as Research Leader and transferred him to his former position.  The

trial court did not agree and entered summary judgment against him.

On appeal, he argues that he presented enough "circumstantial

evidence" to survive summary judgment, and further that his claim

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is not untimely because he suffered a pattern of continuing discrimination.

The parties consented to have the case heard by a magistrate judge, and we apply the same standard of review as did the trial court. McAvey v. Lee, 260 F.3d 359, 363 (5th Cir. 2001). Summary judgment is proper when "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also McAvey, 260 F.3d at 363. We examine the record on summary judgment "in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, 315 F.3d 533, 537 (5th Cir. 2003). When a proper motion for summary judgment is made and supported, the party opposing the motion "may not rest upon the mere allegations or denials of the [opposing] party's pleading, but ... must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

To establish a prima facie case of discrimination, a plaintiff must show that he belongs to a protected class, that he was qualified for the position, that he suffered an adverse employment action, and that he was replaced by someone outside the protected class. Price v. Fed. Express Corp., 283 F.3d 715, 719-20 (5th Cir. 2002); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1981). Once this is established, the burden shifts to the

2

defendant employer to articulate a legitimate, nondiscriminatory reason for the action. McDonnell Douglas, 411 U.S. at 802; Price, 283 F.3d at 720. In this case, the Department of Agriculture presented evidence that Raina's transfer and change in job title were a result of inappropriate conduct with a much younger female employee whom Raina supervised.

After the defendant offers a legitimate, nondiscriminatory reason, the burden shifts back to the plaintiff to show that the defendant's proffered reason is merely a pretext for intentional discrimination. Price, 283 F.3d at 720. After review of the record and the briefs of the parties, we agree with the magistrate judge that Raina failed to produce sufficient evidence of discriminatory intent. Raina's "evidence" of discriminatory intent rests entirely on his subjective belief that he was discriminated against because of his race and national origin. An employee's subjective belief that he was discriminated against, standing alone, is not adequate evidence to survive a motion for summary judgment. Byers v. Dallas Morning News, Inc., 209 F.3d 419, 427 (5th Cir. 2000); see also Hornsby v. Conoco, Inc., 777 F.2d 243 (5th Cir. 1985) (subjective belief of discrimination not sufficient to defeat dismissal of sex discrimination claim).

It also appears that Raina's claim is time-barred. A federal employee who feels he has been discriminated against must contact an EEO counselor within forty-five days of the allegedly

3

discriminatory action.  29 C.F.R. § 1614.105 (2005).  If he does not timely raise issues at the administrative level, judicial action is not appropriate.  See, e.g., Pacheco v. Rice, 966 F.2d 904 (5th Cir. 1992).  Raina waited two months after the only employment action complained of –- that is his removal and transfer -- to contact the EEOC, and he does not advance a sufficient excuse for this delay; nor are there any facts presented to support a theory of continuing violation.

Accordingly, for the reasons set forth herein, the summary judgment dismissing the complaint is

AFFIRMED.