# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31294
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2015

Lyle W. Cayce
Clerk

BRIAN TOVAL,

　　　　Plaintiff - Appellant

v.

CHILDREN'S HOSPITAL,

　　　　Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-5848

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

　　Brian Toval appeals the district court's grant of summary judgment dismissing his Title VII claims against his former employer, Children's Hospital. We AFFIRM.

　　Toval started working at Children's Hospital in New Orleans in 1991 as a medical technologist. In 1999, he became a systems analyst in the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31294

Information Technology ("IT") department.  In 2002, he was promoted to the position of senior systems analyst.  Annette Perilloux and Tammy Reites were Toval's supervisors.  Toval is black; Perilloux and Reites are white.

In 2008, Toval met with Reites to express several complaints.  The details of that meeting are not in the record.  In August 2010, Toval told Perilloux that he wanted to apply for the supervisory project team lead position, which he had heard was to be filled.  Perilloux informed Toval that the position did not yet exist.  But on November 9, 2010, Perilloux announced that the project team lead position had been filled by another senior systems analyst, Rhonda Zimmer.  Children's Hospital hired Zimmer, who is white, without an interview and without announcing the opening to other analysts.

Two days later, Toval filed a grievance with Doug Mittelstaedt in the human resources department, claiming that he was more qualified for the position and should have been selected over Zimmer.  After speaking to Perilloux and Reites, Mittelstaedt concluded that Toval's claims were unfounded.  Toval responded to Mittelstaedt that he "had to conclude" that he was not promoted because "he is a [b]lack man."  Toval alleges that he thereafter endured extensive retaliation through public humiliation, heavy workloads, and excessive scrutiny of his work.

In June 2011, Toval started suffering from anxiety and depression.  In August, he took medical leave to address those conditions.  On June 13, before taking leave, Toval filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting that Children's Hospital discriminated against him by denying him a promotion because of his race and in retaliation for his 2008 complaints. While on leave, Toval accepted employment elsewhere and, in November, he resigned from Children's Hospital. Two days before resigning, Toval submitted a letter to the EEOC ("November letter") stating that he had resigned from his employment and

2

No. 14-31294

wanted to pursue his case. He also asserted that he had been retaliated against "for filing a grievance with the hospital and with [the] EEOC." The EEOC never addressed the significance of the letter.

In June 2013, Toval received a right-to-sue letter. He filed this suit in the United States District Court for the Eastern District of Louisiana in September, seeking damages for the claims asserted in the initial EEOC charge and in the subsequent letter. The district court granted Children's Hospital's motion for summary judgment and dismissed Toval's claims with prejudice. The court held that it did not have jurisdiction over the retaliation claims that were raised for the first time in the November letter because the EEOC never fully investigated those claims. It also held that even if Toval could demonstrate a prima facie case of discriminatory failure to promote, he could not rebut Children's Hospital's legitimate, non-discriminatory reason for not promoting him.[1] Toval appeals.

## DISCUSSION

We review a grant of summary judgment *de novo*, applying the same standards as the district court. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (citations omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

*I.    Failure to exhaust*

Toval argues that the district court erred in holding that he failed to exhaust his administrative remedies with respect to the retaliation claims first raised in the November letter. In the district court, Toval conceded that the relevant claims were not raised in the initial EEOC complaint but argued that

---

[1] The district court also dismissed Toval's retaliatory failure-to-promote claim, holding that Toval failed to show causation between his complaints to Reites in 2008 and the failure to promote. Toval does not appeal that ruling.

No. 14-31294

they were sufficiently connected to the original EEOC claims that they related back to the original charge.  The district court rejected that argument, holding that the new claims were actually "additions," not amendments, because they were based on largely new facts that occurred after the original EEOC charge was filed.  *See Hornsby v. Conoco, Inc.*, 777 F.2d 243, 247 (5th Cir. 1985).  Toval does not challenge the district court's reasoning, thus waiving review of the district court's ruling that the November letter was not an amendment.  *See Davis v. Signal Int'l Tex. GP, L.L.C.*, 728 F.3d 482, 490 (5th Cir. 2013) (citation omitted).  Toval now asserts an entirely new argument, namely, that the November letter was a "new charge" that the EEOC failed to investigate.  Therefore, he argues, he should not be penalized for the EEOC's failures.  Toval has waived review of this argument by raising it for the first time on appeal.  *See Lofton v. McNeil Consumer & Specialty Pharm.*, 672 F.3d 372, 381 (5th Cir. 2012) (citation omitted).

II.    *Discriminatory failure to promote*

Toval also contends that the district court erred in holding that he failed to rebut Children's Hospital's legitimate, non-discriminatory reason for declining to promote him.  A Title VII discrimination claim based on circumstantial evidence is analyzed using the familiar *McDonnell Douglas* burden-shifting framework.  *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316–17 (5th Cir. 2004) (citation omitted).  To survive summary judgment, a plaintiff must first present evidence of a prima facie case of discrimination.  *Id.* at 317 (citation omitted).  If the plaintiff presents a prima facie case, the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the underlying employment action.  *Id.* (citation omitted).  If the employer satisfies that burden, the plaintiff must then show that the employer's proffered reason was mere pretext for racial discrimination.  *Id.* (citations omitted).

No. 14-31294

To satisfy his burden of establishing a prima facie case of discriminatory failure to promote, Toval was required to show that: (1) he is a member of a protected class, (2) he sought and was qualified for the position, (3) he was rejected for the position, and (4) the employer promoted an applicant with his qualifications. *Id.* (citation omitted). Here, the district court held that genuine issues remained regarding whether Toval was qualified for the position. The court noted that Toval had consistently received positive performance reviews, but that Toval's supervisors had subsequently stated in depositions that Toval had repeatedly had problems communicating with other employees and had difficulty managing small projects. Because of the conflicting evidence, the district court held that genuine issues remained.

The court then held that even assuming *arguendo* that Toval had established a prima facie case, Children's Hospital had provided a legitimate, non-discriminatory reason for its failure to promote. The district court accepted Children's Hospital's assertion that it promoted Zimmer because she was more qualified for the job. That assertion was based on the fact that Zimmer had worked for the hospital for over twenty years, including in the IT department, held a degree in management, had significant managerial experience, and had successfully managed IT projects.

Once Children's Hospital provided a legitimate, non-discriminatory reason for its failure to promote, the burden shifted back to Toval to show that the proffered reason was pretextual. A plaintiff may establish pretext by showing "that a discriminatory motive more likely motivated" the employer's decision or that the employer's explanation is "unworthy of credence." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001) (quotations and citation omitted).

The district court held that Toval failed to make the required showing. First, the court rejected Toval's attempt to prove pretext by undermining

5

Zimmer's qualifications.  The court explained that while Zimmer had less IT education and experience than Toval, she had substantial managerial experience and knowledge.  Toval failed to show that he had any significant managerial experience or education.  Second, the court refused to accept Toval's attempt to prove pretext by pointing to Children's Hospital's failure to post the opening on an HR bulletin board, as required by written hospital policy.  The policy had not been substantially revised since it was enacted in the 1980s; Toval admitted that the practice was abandoned in 2007.

Toval challenges only the district court's ruling on pretext.  He urges that he has produced sufficient evidence to show that Children's Hospital's proffered reason is not worthy of credence.  First, Toval argues that he has shown that he was clearly more qualified than Zimmer.  An employee's showing that he was "clearly better qualified is enough to prove that [his] employer's proffered reasons are pretextual." *Price v. Fed. Express Corp.*, 283 F.3d 715, 723 (5th Cir. 2002) (citations omitted).  Showing that two candidates are *similarly* qualified is insufficient.  *Id.* (citation omitted).  Instead, "the losing candidate's qualifications must leap from the record and cry out to all who would listen that he was vastly – or even clearly – more qualified for the subject job."  *Id.* (quotations and citation omitted).  Toval has failed to meet that burden.  While Toval does have more formal IT education, Zimmer has far more managerial education and experience.  Because the project team lead position is primarily a managerial position, Toval has failed to show that his additional IT education made him "clearly better qualified."

Next, Toval asserts that because the district court found that a genuine issue existed regarding whether he was qualified for the job, the court should have also found that a genuine issue existed with respect to pretext.  Toval contends that "[c]ourts have recognized that it is possible for strong evidence of a prima facie case to present a factual issue on pretext."  Though that may

No. 14-31294

be possible, we conclude that no such factual support exists here. Whether a plaintiff has established a prima facie case of discrimination and whether he has shown pretext are two separate inquiries. Though we accept that a prima facie case was shown, we agree there is no genuine dispute of material fact regarding pretext.

AFFIRMED.